FALFURRIAS MERCANTILE CO. v. CITIZENS' STATE BANK. (No. 6106.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 4, 1918. Rehearing Denied Jan. 15, 1919.)

1. CONTINUANCE ⊖⇒26(11)—ABSENCE OF WITNESS—DILIGENCE.

In suit to recover balance on check drawn by third person on defendant bank, in refusing continuance on account of absence of drawer of check, whom plaintiff desired to use as witness, trial court *held* not to have abused discretion; plaintiff having made no effort to take witness' deposition, though knowing he had moved to another state.

2. APPEAL AND ERROR ⊖⇒742(1) — ASSIGNMENT OF ERROR—STATEMENT—NECESSITY.

An assignment of error, not followed by a statement, will not be considered; mere reference to a bill of exceptions in the record not being sufficient.

3. APPEAL AND ERROR ⊖⇒1002 — REVIEW — VERDICT ON CONFLICTING TESTIMONY.

Court of Civil Appeals cannot disturb verdict of the jury rendered on conflicting testimony.

4. TRIAL ⊖⇒139(1), 140(1)—PROVINCE OF JURY—CREDIBILITY OF WITNESSES AND WEIGHT OF TESTIMONY.

It is the province of the jury to pass on credibility of witnesses and weight of their testimony.

5. APPEAL AND ERROR ⊖⇒724(2) — ASSIGNMENT OF ERROR — PRESENTATION OF ABSTRACTION.

An assignment of error which, with proposition under it, fails to indicate any error of which complaint is made presents a mere abstraction, instead of fundamental error.

Appeal from District Court, Jim Wells County; V. W. Taylor, Judge.

Suit by the Falfurrias Mercantile Company against the Citizens' State Bank. From judgment for defendant, plaintiff appeals. Affirmed.

Jno. C. North, of Corpus Christi, for appellant.

FLY, C. J. This suit was instituted by appellant to recover of appellee the sum of $625, being a balance on a check for $1,960,

drawn by M. C. Anderson, in favor of Ramon Garcia, on appellee, and a protest fee of $2.75. It was alleged that the check was cashed by appellant after appellee had promised, over the long-distance telephone, to pay the amount of the check when it was presented, but, when presented, refused payment of the same, and the check was duly protested for nonpayment; that afterwards M. C. Anderson, the drawer, paid $1,335.50 on the check, which was credited thereon. Appellee answered that cashing of the check was conditioned on the cattle being fat, in payment for which the check was drawn, and upon finding they were not fat appellee at once informed appellant that it would not pay the check. The cause was submitted to a jury by special issues, and upon the answers thereto judgment was rendered in favor of appellee.

[1] Appellant sought to continue the cause on account of the absence of M. C. Anderson, the drawer of the check, by whom he expected to prove that appellee had an agreement with witness to pay the checks of witness drawn to pay for cattle, witness to be the judge of the condition of the cattle and of their value. It was the second application for a continuance. The witness had moved from Texas to Illinois before December 20, 1917, and appellant knew that fact before that date, and yet made no effort to take the depositions of the witness. The continuance was asked on January 18, 1918, at least a month after appellant knew that his witness had left the state. The question in the case was the contract between appellant and appellee, and not what agreement may have existed between Anderson and appellee. The court did not abuse its discretion in refusing a continuance.

[2] The second assignment of error is not followed by a statement, and will not be considered. A mere reference to a bill of exceptions in the record is not sufficient.

[3, 4] There is a conflict in the testimony of the witnesses for appellant and appellee, and the jury credited the witnesses for appellee, and this court cannot disturb their verdict; there being testimony to sustain it. The witness Cannon swore to facts that tended to sustain the defense of appellee. It was the province of the jury to pass on the credibility of the witnesses and the weight to be given their testimony. The third assignment is overruled.

[5] The fourth assignment of error and the proposition under it fail to indicate any error of which complaint is made. What the error may be is not apparent, and the assignment, instead of presenting fundamental error, presents an abstraction.

The fifth assignment of error is very general, and without a statement does not indi-

---

⊖⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

cate any error. Reference is made to a statement under the third assignment, but it does not indicate what issues were presented to the jury. It may be stated, however, that the court presented every issue in the case to the jury.

The judgment is affirmed.